IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------x
                                                                  :
AHMED-AL-KHALIFA                                                  :
                                                                  :     3:13 CV 272 (CSH)
v.                                                                :
                                                                  :
MINISTER FOR JUSTICE, EQUALITY AND LAW   :
                                                                  :     DATE: MARCH 13, 2013
------------------------------------------------------------------x

<u>RULING ON PLAINTIFF'S MOTION FOR IFP, MOTION TO APPOINT COUNSEL,
AND RECOMMENDED RULING OF DISMISSAL</u>

On February 26, 2013, plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa, a citizen of Nigeria, commenced this action <u>pro se</u> against the Minister for Justice, Equality and Law Reform in Ireland, the Governor of Cloverhill Prison in Ireland, the Governor of Wheatfield Prison in Ireland, Ryain Airline in Ireland, the Nigeria High Commission in Ireland, the Secretary of State for the Home Department in the United Kingdom, the Newport Central Police Department in the United Kingdom, Campsfield House Immigration Removal Center in the United Kingdom, British Midland International Airline in the United Kingdom, Dutch Immigration and Naturalization Services in the Netherlands, Detentie Centrum Schipol Post in the Netherlands, the Director General of Immigration in Spain, and the Nigeria Immigration Service in Nigeria. (Dkt. #1). In his Complaint, plaintiff contends that he entered the United Kingdom on a visitor's visa in August 2007, relocated to Ireland and applied for asylum in 2008, returned to the United Kingdom in September 2009 and applied for "International Protection" on or about March 30, 2011, and thereafter was removed to Ireland, without a right of appeal in the United Kingdom. (Dkt. #1, at 4-6). According to plaintiff, he was released from his prison in Ireland, only to be rearrested and deported to the Netherlands in September 2011, where he remained detained until November 2011. (<u>Id.</u> at 7). While he

had counsel in the Netherlands, he was denied a hearing conducted in English, and was deported back to Ireland and held at Wheatfield Prison with no due process, then deported to Spain, and then deported to Nigeria on December 16, 2011, without his legal papers or properties. (Id. at 8-9). Plaintiff contends that the "various unlawful acts perpetrated against [him] constitute an act of a War Crime under [18 U.S.C. § 2441]." (Id. at 9). Plaintiff also contends that the foregoing acts violated the Due Process Clause of the Fifth Amendment. (Id. at 11-12). Plaintiff seeks a return of all of his legal papers, and compensation. (Id. at 18).

Along with his Complaint, plaintiff filed a Motion to Proceed In Forma Pauperis, pursuant to 28 U.S.C. § 1915 (Dkt. #2), and a Motion for Appointment of Counsel (Dkt. #3). On the same day that plaintiff commenced this action, he filed another lawsuit in this Court, and the next day, he filed two more cases, in all of which he also moves to proceed in forma pauperis. See Ahmed-Al-Khalifa v. Kingdom of Spain, 3:13 CV 271 (CSH); Ahmed-Al-Khalifa v. Jordan, 3:13 CV 276 (CSH); Ahmed-Al-Khalifa v. Organi[z]aation of Petroleum Exporting Countries, 3:13 CV 277 (CSH). All four cases have been assigned to Senior United States District Judge Charles S. Haight, Jr., and have been referred to this Magistrate Judge.

In his Motion for Appointment of Counsel, plaintiff avers that he lives in poverty in Nigeria with his mother since his "deportation from the [United States of America] in 2002, and . . . from Ireland to Nigeria . . . in 2011." (Dkt. #3, at 4)(emphasis omitted).[1] The same statute that authorizes the Court to grant in forma pauperis status to plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i)

---

[1] However, in his Motion to Proceed In Forma Pauperis, he also avers that he resides in Winston Salem, North Carolina and is a student. (Dkt. #2, at 2-3).

is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

Federal courts are courts of limited jurisdiction. U.S. CONST., Art. III. To come within this Court's subject matter jurisdiction, plaintiff must plead a colorable claim arising under the Constitution or laws of the United States, or a claim between parties with complete diversity of citizenship and damages exceeding $75,000. See Da Silva v. Kinsho Int'l Corp, 229 F.3d 358, 363 (2d Cir. 2000). Plaintiff is a citizen of Nigeria and all of the defendants are foreign entities. The Fifth Amendment's Due Process Clause applies to all "persons" within the United States, including aliens. Zadvydas v. Davis, 533 U.S. 678, 693 (2001). However, it is "well established" that the Fifth Amendment's protections "are unavailable to aliens outside our geographic borders." Id. (multiple citations omitted). Accordingly, plaintiff, a citizen of Nigeria who, in 2002, was deported from the United States, cannot establish a violation of the Fifth Amendment's Due Process Clause arising out his deportation from countries within the European Union.

Moreover, plaintiff cannot establish a claim under 18 U.S.C. § 2441. A "war crime" is:

> (1) defined as a grave breach in any of the international conventions . . ., to which the United States is a party;
>
> (2) prohibited by Article 23, 25, 27 or 28 of the Annex to the Hague Convention IV, Respecting the Laws and Customs of War on Land, signed 18 October 1907;
>
> (3) which constitutes a grave breach of common Article 3 . . . when committed in the context of and in association with an armed conflict not of an international character; or
>
> (4) of a person who, in relation to an armed conflict . . . willfully kills

or causes serious injury to civilians.

18 U.S.C. § 2441(c). Plaintiff's sequential deportations, as alleged in his Complaint, were not related to any "armed conflict" nor does he allege any relation of those events to the United States.

In his Complaint, plaintiff also asserts that subject matter jurisdiction is proper pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, 28 U.S.C. § 1350, note. (Dkt. #1, at 2-3). The Alien Tort Statute "does no more than grant to the district courts 'original jurisdiction of any civil action by an alien for a tort, committed in violation of the law of nations or treaty of the United States.'" Ali Shafi v. Palestinian Auth., 642 F.3d 1088, 1091 (D.C. Cir. 2011), aff'g, 686 F. Supp. 2d 23 (D.D.C 2010); see also Sosa v. Alvarez-Machain, 542 U.S. 692, 712-38 (2004). Section 2(b) of the Torture Victim Protection Act requires U.S. courts to decline to hear such claims "if the claimant has not exhausted adequate and available remedies in the place" where the conduct occurred. 28 U.S.C. § 1350, note. Moreover, the Torture Victim Protection Act authorizes a cause of action against "[a]n individual" for acts of torture and extra-judicial killings committed under authority of color of law in foreign countries. See Mohamad v. Palestine Auth., ___ U.S. ___, 132 S. Ct. 1702, 1705 (2012). The U.S. Supreme Court specifically held last year that foreign governmental entities or businesses may not be sued under the Act: "[T]he text of the statute persuades us that the [TVPA] authorizes liability solely against natural persons. . . . The text of the TVPA convinces us that Congress did not extend liability to organizations, sovereign or not." Id. at 1708, 1710; see also id. at 1707-11. Plaintiff's allegations in his Complaint fail to establish jurisdiction under 28 U.S.C. § 1350. Accordingly, this Magistrate Judge recommends to the Honorable Charles S. Haight, Jr., that this case be dismissed in its

entirety as jurisdiction is lacking over plaintiff's claims.

The pro se plaintiff's Motion to Proceed In Forma Pauperis (#2) is denied, and even if there were grounds to grant such Motion, the undersigned recommends to Judge Haight, Jr., that this case be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B). In light of this conclusion, plaintiff's Motion for Appointment of Counsel (Dkt. #3) is denied as moot.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); Fed. R. Civ. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 13th day of March, 2013.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge