**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| AHMED-AL-KHALIFA,<br><br>                    Plaintiff,<br><br>  v.<br><br>MINISTER FOR JUSTICE, EQUALITY,<br>AND LAW, et al.<br><br>                    Defendants. | 3:13-CV-00272 (CSH) |

## <u>ORDER</u>

## I.    <u>INTRODUCTION</u>

Plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa brings this action *pro se* against the Minister for Justice, Equality, and Law Reform in Ireland, the Governor of Cloverhill Prison in Ireland, the Governor of Wheatfield Prison in Ireland, Ryain Airline in Ireland, the Nigeria High Commission in Ireland, the Secretary of State for the Home Department in the United Kingdom, the Newport Central Police Department in the United Kingdom, Campsfield House Immigration Removal Center in the United Kingdom, British Midland International Airline in the United Kingdom, Dutch Immigration and Naturalization Services in the Netherlands, Detentie Centrum Schipol Post in the Netherlands, the Director General of Immigration in Spain, and the Nigeria Immigration Service in Nigeria. [Doc. 1].

Plaintiff states in his Complaint that after entering the United Kingdom on a visitor's visa in 2007, he relocated to Ireland and applied for asylum, after which he returned to the United Kingdom in 2009, applied for "International Protection," and was subsequently removed back to Ireland

without a right of appeal in the United Kingdom.  *Id.* at 4-6.  Plaintiff avers that he was then imprisoned in Ireland, then deported to the Netherlands and detained there until late 2011, and, while in the Netherlands, was denied a legal hearing conducted in English.  Plaintiff alleges that he was again deported back to Ireland and held in prison without due process, and thereafter deported first to Spain and after to Nigeria without either his legal papers or his property.  *Id.* at 7-9.  Plaintiff contends that the above-described events constitute "various unlawful acts perpetrated against" him which "constitute an act of a War Crime" under 18 U.S.C. § 2441.  *Id.* at 9.  Plaintiff therefore seeks a return of all of his legal papers as well as compensation.  *Id.* at 11-12.

Plaintiff asserts in the initial Complaint to this action that this Court's jurisdiction is proper under both the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, 28 U.S.C. § 1350, note.  *See* [Doc. 1] at 2-3.  On the same day on which Plaintiff filed this Complaint, Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis.  [Doc. 2].

On March 13, 2013, United States Magistrate Judge Joan G. Margolis issued a Ruling on Plaintiff's Motion for IFP, Motion to Appoint Counsel, and Recommended Ruling of Dismissal. [Doc. 9].  Magistrate Judge Margolis recommended to this Court "that this case be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B)."  *Id.* at 5.  Plaintiff filed an Response thereto on April 1, 2013, in which among other things Plaintiff contested the Magistrate Judge's conclusion that this matter ought to be dismissed. [Doc. 11].  Plaintiff filed a second response to the Magistrate Judge's Recommended Ruling on May 21, 2013.  [Doc. 12].  In this second response, which Plaintiff termed an "Objection," Plaintiff also "respectfully requested the Court to delete the Torture Victim Protection Act" from the Complaint's jurisdictional claims.  *Id.* at 2.  The Court accordingly construes Plaintiff's second response (hereafter "Objection") to constitute an Amended Complaint

and, therefore, will not address in detail whether Plaintiff's claims may properly be brought under the Torture Victim Protection Act.[1]  In this Objection, Plaintiff also stated that he seeks "the minimum of Nine Hundred Billion Dollars ($900,000,000,000.00) from each defendant according to level of participation and law of nations violated." *Id.* at 3.

After careful consideration of Plaintiff's Complaint and responses to the Magistrate Judge's Recommended Ruling as well as a thorough review of relevant law, this Court has determined that Plaintiff's claims cannot be brought under the Alien Tort Statute or under 18 U.S.C. § 2441 and, therefore, that Plaintiff has failed to state a claim upon which relief may be granted.  In consequence, the Court DISMISSES this matter in its entirety, under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   <u>FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED</u>

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss a case in which there has been a motion for proceeding *in forma pauperis* (hereafter "IFP") "if the court determines that ... the action ... fails to state a claim on which relief may be granted."  Indeed, as courts in this district have previously held, "[a]n IFP action *must* ... be dismissed sua sponte if it fails to state a claim on which relief may be granted." *Aguilar v. U.S.*, 3:99-MC-00304, 1999 WL 1067841 at *2 (D. Conn. Nov. 8, 1999) (emphasis added); *see also, e.g., Estate of Musayelova v. Kataja*, 3:06-CV-00881, 2006 WL 3246779 at *2 (D. Conn. Nov. 7, 2006).  Such a dismissal, which is granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is warranted in those circumstances in which "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Aguilar v. U.S.*,

---

[1]  However, the Court notes its agreement with Magistrate Judge Margolis that under recent United States Supreme Court precedent, foreign States may not be sued under the Torture Victim Protection Act, as the Supreme Court has stated that the Torture Victim Protection Act's text "authorizes liability *solely against natural persons*." *Mohamad v. Palestine Auth.*, _ U.S. _, 132 S.Ct. 1702, 1708 (2012) (emphasis added).

1999 WL 1067841 at *2 (internal quotation marks and citation omitted).

"Although '[a] document filed *pro se* is to be liberally construed,' ... this mandate does not require courts to allow lawsuits subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) to proceed." *Burke v. Patchen*, 3:08-CV-00639, 2008 WL 2783490 at *1 (D. Conn. July 15, 2008) (quoting *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)).  As Plaintiff in the case at bar is indeed *pro se*, the Court examines and reviews the claims contained in Plaintiff's Complaint under an appropriately broad and liberal standard.

**III.   WAR CRIMES**

The Court is in agreement with Magistrate Judge Margolis that Plaintiff cannot establish a claim under 18 U.S.C. § 2441, which pertains to individuals who have committed war crimes under specific circumstances inside or outside the United States.  *See* [Doc. 9] at 3-4.

18 U.S.C. § 2441 is a criminal statute.  It appears in Title 18 of the United States Code, which is concerned with Crimes and Criminal Procedure, and it is prosecuted in the name of the United States government rather than by individuals.  Indeed, as other district courts have recently noted, "[f]ederal criminal statutes such as 18 U.S.C. § 2441 *do not create a private right of action* ... Rather, it is uniquely within the province of each United States Attorney to 'prosecute for all offenses against the United States.'" *Swift v. Bush*, No. 10-07388, 2011 WL 2517143 at *2 (E.D. Pa. June 23, 2011) (emphasis added) (citations omitted); *see also, e.g., Hohensee v. Bush*, No. 9-00424, 2009 WL 565701 (D.D.C. March 5, 2009); *cf. Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C. 2003) (stating that criminal statutes do not convey a private cause of action).

In short, Plaintiff, a *private complainant*, is not authorized to seek criminal remedy under 18

U.S.C. § 2441, and therefore no relief can be granted under this statute for the claims Plaintiff brings in this action.[2]

## IV.    THE ALIEN TORT STATUTE

The Alien Tort Statute bestows upon district courts original jurisdiction over "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350.  Plaintiff states in his Complaint that this Court's "[j]urisdiction is proper pursuant to" the Alien Tort Statute and that, moreover, "[t]his [s]tatute is notable for allowing U.S. Courts to hear human-rights cases brought by foreign citizens for conduct[] committed outside the United States." [Doc. 1] at 2.

Plaintiff's jurisdictional assertion is barred and precluded by a very recent United States

---

[2]   The Court further notes its agreement with Magistrate Judge Margolis that the specific claims for which Plaintiff brings this action do not fall under the definition of "war crime" given by 18 U.S.C. § 2441.  *See* [Doc. 9] at 3-4.  Indeed, under 18 U.S.C. § 2441, a "war crime" is any conduct:

(1)    defined as a grave breach in any of the international conventions signed at Geneva 12 August 1949, or any protocol to such convention to which the United States is a party;

(2)    prohibited by Article 23, 25, 27, or 28 of the Annex to the Hague Convention IV, Respecting the Laws and Customs of War on Land, signed 18 October 1907;

(3)    which constitutes a grave breach of common Article 3 ... when committed in the context of and in association with an armed conflict not of an international character; or

(4)    of a person who, in relation to an armed conflict and contrary to the provisions of the Protocol on Prohibitions or Restrictions on the Use of Mines, Booby-Traps and Other Devices as amended at Geneva on 3 May 1996 ... when the United States is a party to such Protocol, willfully kills or causes serious injury to civilians.

18 U.S.C. § 2441(c)(1)-(4).  The events over which Plaintiff brings this Complaint – which, the Court notes, Plaintiff does not claim occurred with relation to any sort of "armed conflict" – simply do not fall into any of the above-enumerated definitional categories and, therefore, would not fall within the purview of 18 U.S.C. § 2441, even if this were a criminal action brought in the name of the United States.

Supreme Court decision, which makes clear that the Alien Tort Statute cannot confer jurisdiction in this Court over conduct committed outside of the United States.  In *Kiobel v. Royal Dutch Petroleum Co.*, __ U.S. __ ,133 S.Ct. 1659 (2013), decided in April and subsequent to Judge Margolis's opinion in the present case, the Supreme Court explicitly held that the Alien Tort Statute cannot be applied "to conduct in the territory of another sovereign." *Id.* at 1666.  The Court reached that conclusion by citing and applying "a canon of statutory interpretation known as the presumption against extraterritorial application." *Id.* at 1664.  *Kiobel* holds that the Alien Tort Statute cannot "provide a cause of action for conduct occurring" outside of the United States. *Id.* at 1668-69.  The Court further specified that "[e]ven where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against extraterritorial application." *Id.* at 1669.

Under the clear language of *Kiobel v. Royal Dutch Petroleum Co.*, Plaintiff's claims – which solely concern acts and events which are alleged to have occurred *outside* the United States – cannot be brought under the Alien Tort Statute.  The Supreme Court's holding in *Kiobel* makes clear that such claims, which "seek[] relief for violations of the law of nations occurring outside the United States," are "barred." *Kiobel v. Royal Dutch Petroleum Co.*, 133 S.Ct. at 1669.  Further, as the Supreme Court cautioned in *Kiobel*: "And even where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against extraterritorial application." 133 S.Ct. at 1669 (citing *Morrison v. National Australia Bank Ltd.*, 561 U.S. _, 130 S.Ct. 2869, 2883-88 (2010) ("But the presumption against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel whenever *some* domestic activity is involved in the case," 130 S.Ct. at 2884)).

6

## V.    <u>CONCLUSION</u>

This Court concludes that, even under the broad reading of Plaintiff's Complaint that this Court must render given that Plaintiff is *pro se*, Plaintiff does not state any claim in this action on which relief can be granted.  Accordingly the Court DISMISSES Plaintiff's claims in their entirety.

Plaintiff has brought four similar lawsuits under the Alien Tort Statute in this district.  All four actions are being dismissed by this Court for reasons similar to those discussed *supra*.[3]  Plaintiff has also filed at least half a dozen additional lawsuits under the Alien Tort Statute in other United States District Courts.[4]  In a ruling recommending dismissal of one such action, filed in the Northern District of Florida, Magistrate Judge Charles J. Kahn, Jr. noted Plaintiff's voluminous recent filings and commented that Plaintiff "seems to be seeking a forum that will allow these ... complaints to go forward," and that, furthermore, "[s]uccess in that regard appears unlikely."  *Oluwashina Kazeem Ahmed-Al-Khalifa v. Queen Elizabeth II*, No. 5:13-CV-00103, 2013 WL 2242459 at *2 (N.D. Fla. May 21, 2013).  Given the limited application of the Alien Tort Statute as it has been recently articulated by the United States Supreme Court, this Court must agree with Magistrate Judge Kahn that it is indeed unlikely that Plaintiff will have much success in going forward with lawsuits brought

---

[3]  *See See Ahmed-Al-Khalifa v. Kingdom of Spain*, No. 3:13-CV-00271 (D. Conn. 2013); *Ahmed-Al-Khalifa v. Jordan*, No. 3:13-CV-00276 (D. Conn. 2013); *Ahmed-Al-Khalifa v. Oragnisation of Petroleum Exporting Countries*, No. 3:13-CV-00277 (D. Conn. 2013); *Ahmed-Al-Khalifa v. Trayers*, No. 3:13-CV-00869 (D. Conn. 2013).

[4]  *See, e.g., Oluwashina Kazeem Ahmed-Al-Khalifa v. King Sunnyade*, No. 1:12-CV-10288 (N.D. Ill. 2012); *Ahmed-Al-Khalifa v. Ecowas Court of Justice*, No. 1:13-CV-01380 (N.D. Ill. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Abba Moro*, No. 1:13-CV-01381 (N.D. Ill. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. European Court of Human Rights*, No. 1:13-CV-00142 (N.D. Ga. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Queen Elizabeth II*, No. 5:13-CV-00103 (N.D. Fla. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. The Salvation Army*, No. 3:13-CV-00289 (N.D.Fla. 2013).

under this statute which concern underlying events and acts which took place outside of the United States.

The Recommendation of the Magistrate Judge that this action be dismissed is ACCEPTED, for the reasons stated in this Ruling.  The Complaint is DISMISSED, with prejudice and without costs.

The Clerk is directed to close the file.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       July 1, 2013

/s/Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge

8